# CHARLESTON.

STATE *ex rel.* A. J. KINCAIDE v. CANVASSING BOARD *et als.* STATE *ex rel.* HIRAM SIZEMORE v. A. J. MULLENS, MAYOR ETC., *et als.* STATE *ex rel.* S. M. BROCK v. A. J. MULLENS, MAYOR ETC., *et als.* STATE *ex rel.* PERRY C. COOK v. A. J. MULLENS, MAYOR ETC., *et als.* STATE *ex rel.* V. B. STOVER v. A. J. MULLENS, MAYOR ETC., *et als.* STATE *ex rel.* D. V. WILHELM v. A. J. MULLENS, MAYOR, ETC. *et als.*

Submitted January 21, 1920.   Decided January 27, 1920.

1.   ELECTIONS—*Voters at Municipal Election Under Australian System May Vote for Person Whose Name Does not Appear On the Ballot.*

An elector possessing the requisite qualifications to vote at an election held and conducted by a municipal corporation according to the Australian Ballot System, as adopted by chapter 3 of the Code, for the purpose of electing the officers of the municipality, lawfully may prepare and cast his ballot for any person he may desire to elect, whether the name of such person is printed on the official ballot or not, provided that in so doing the elector uses for that purpose the ballot prepared as required by the statute.   (p. 443).

2.   SAME—*Erasure of Candidate's Name and Insertion of Other Name Proper Manifestation of Preference.*

The intention to exercise the right to vote for persons other than those whose names are printed on such official ballots the

elector may manifest by obliterating or erasing the name of the candidate as it appears on the ballot for such office, and, in lieu thereof, writing the name of the candidate or person preferred by him, either immediately under the name erased, or on the margin opposite it, but not on the reverse side of the ballot. p. 443).

3.  SAME—*Officers Must Count Vote for Person Substituted on Official Ballot and Certify Result to Them.*

It is the duty of the members of the council of a municipality, convened as a canvassing board, as the election statute requires, to count such ballot for the person so voted for, and, when so counted, to certify the result thereof to each candidate voted for at such election for the same office.   (p. 444).

4.  MANDAMUS—*Bill of Exceptions is Not Required on Application for Mandamus to Compel Election Recount.*

For the purpose of ascertaining whether a relator applying therefor may by mandamus compel members of a canvassing board to reassemble, count and certify, as required by law, ballots cast by electors at an election held and conducted by a municipality for the selection of officers, he need not, as a condition precedent to the grant of such writ, file or exhibit with his petition, or otherwise, a bill of exceptions to the action of such board in refusing to count ballots cast for him as such candidate.   (p. 444).

Original mandamus proceeding by the State, on the relation of A. J. Kincaide, against the Board of Canvassers of the City of Montgomery and others, heard with proceedings entitled as follows: State ex rel. Hiram Sizemore v. A. J. Mullens, Mayor, etc., et al.   State ex rel. S. M. Brock v. A. J. Mullens, Mayor, etc., et al.   State ex rel. Perry C. Cook v. A. J. Mullens, Mayor, etc., et al.   State ex rel. V. B. Stover v. A. J. Mullens, Mayor, etc., et al.   State ex rel. D. V. Wilhelm v. A. J. Mullens, Mayor, etc., et al.   *Writ denied on the application of Kincaide and granted on the applications of the other relators.*

In case of Kincaide:
*George Love,* for relator.
*McClintic, Mathews & Campbell,* for respondents.

In the other cases:
*Grover C. Worrell* and *John M. Anderson,* for relators.
*Dillon & Nuckols,* for respondents.

LYNCH, JUDGE:

Among the six persons whose names appeared on the official printed ballots to be used by the qualified electors of the City of Montgomery at the election of municipal officers for that city January 1, 1920, was the name of the relator A. J. Kincaide, a candidate for councilman, and on the official printed ballots to be used by the electors of the Town of Mullens at the election of municipal officers for that town were the names of A. J. Mullens, a candidate for the office of mayor, Hiley Graham, a candidate for the office of recorder, H. B. Porterfield, W. V. Tate, J B. Frank, A. C. Early and W. M. Lewis, candidates for the offices of councilmen; but some of the electors of the City of Montgomery and some of the electors of the Town of Mullens, whose qualifications to exercise the right of franchise are unquestioned, met and decided (it is claimed by respondents, secretly) upon persons other than those whose names appeared on such ballots, for the different positions to be filled at each of the elections, and in the City of Montgomery cast more ballots for B. C. Cooper for councilman than A. J. Kincaide received for the same office, and in the Town of Mullens apparently cast more votes for Hiram Sizemore for mayor than A. J. Mullens received for that office, and for S. M. Brock more votes for recorder than Hiley Graham received for the same office, and for Perry C. Cook, V. B. Stover and D. V. Wilhelm more votes for councilmen than W. V. Tate, J. B. Frank, A. C. Early and W. M. Lewis or any of them received for the same positions, provided the method adopted by the voters of the respective towns was not illegal and ineffectual, as respondents contend and relators deny. By this method the electors so voting struck out or obliterated the name of the candidate printed on the ballot, and, in lieu thereof, wrote immediately under the printed names erased or on the margin opposite such names, the names of those for whom they desired to vote in preference to the persons whose names originally appeared on the printed ballots.

The members of the council of the City of Montgomery whose terms of office were about to expire convened as required by law, sitting as a board of canvassers to canvass and count the ballots

so cast for B. C. Cooper and A. J. Kincaide for the office of councilman, treated as legal and valid all the ballots so prepared and cast on the day of election, and ascertained that more votes were cast for Cooper than Kincaide received; and of this action by the board Kincaide complains and prays for a writ of mandamus to compel the members of the board to reassemble and recount the votes, and in doing so not to consider and treat as legal and valid those so prepared and cast for Cooper.

Likewise the members of the council of the Town of Mullens, whose terms of office were also about to expire, convened to canvass and count the ballots so prepared and used by the qualified electors voting in the election held in that town for the same purpose, but declined and refused to treat as legal and valid ballots other than those used and voted by the electors for the candidates whose names were printed thereon and not erased; and it is this action of which relators other than Kincaide complain and pray for writs of mandamus to compel the members of such board to reassemble and count for relators the ballots on which their names were written, and to ascertain and certify to each of them the result of such recount.

Thus there is presented for discussion and decision the vital question whether ballots so cast for Sizemore for mayor, Brock for recorder, Cook, Stover and Wilhelm for the offices of councilmen, were or were not lawfully and properly cast and ought to be counted in favor of the relators by the canvassing board of the Town of Mullens, as they in fact were for the respondent Cooper as a member of the council of the City of Montgomery, and also whether such board should have certified to them the number of votes so cast for all the candidates competing for the several offices.

The respondents deny the right of this court to award such writs to enforce the performance of such duties, because they say the method adopted is without legal sanction, circumvents the policy the legislature intended to establish by enacting chapter 3 of the Code of 1918, and makes easy the way for fraudulent practice by affording an opportunity to defeat the will of other electors by secretly withholding from them information as to the desirability and fitness of candidates for public office without

the necessary previous public notice or knowledge of their candidacy. As covering all these objections and as showing their falsity the relators reply that there is nothing in the election law of this state forbidding or preventing an elector, having the legal qualifications, to vote for whom he pleases for any elective office, provided he uses for that purpose the regular ballot prescribed by law; and that if the statute was intended to and does deprive him of that right, it violates that provision of the Constitution which guarantees to him the privilege of casting a free and open or secret ballot, as he may elect, without let or hindrance from any source other than his own untrammeled choice.

These propositions present the only grounds or points that need serious discussion in order to determine the merits of the controversy. Nor are any of the various criticisms directed against the exercise by the electors of the right to make such alterations in the printed ballot as will give effect to their intention and desire important or convincing, if it be true, as counsel for the relators argue, that nothing in the statute denies the elector the right to vote as he chooses and for whom he chooses, whether his name be printed on the official ballot or not, and that if it did so, such a statute would be invalid because violative of the constitutional provision referred to.

We enter into no inquiry concerning the power of the legislature under the Constitution to restrict an elector's choice in preparing his ballot to those candidates whose names are printed on the official ballot. No such restrictive statute exists in this state. If he is not satisfied with any of the candidates whose names appear on the ballot, he may, as those did who voted in the elections held in the City of Montgomery and Town of Mullens, erase the name or names of any candidate on any ticket, and in lieu thereof vote for the person he desires, whether the name of such person be printed on the ballot or not. The legislature has clearly manifested its intention in this regard by enacting section 34 of chapter 3 of the Code, which reads: "If the voter desires to vote for any person whose name does not appear on the ticket (ballot), he can substitute the name by writing it with (a) black lead pencil in the proper place" etc. As the same provision appeared in the same section of the Code of

1891, it read thus: "A voter desiring to erase the name of any candidate from the ballot he intends to vote, or to vote for any other candidate *or person* in his stead, may strike" etc. The omission of the word "candidate" and the use of the word "person" only, as the section now appears, certainly is not without some significance. It manifests a legislative intent to give the voter wide latitude in exercising the suffrage right, contrary to the contention of respondents. See *People* v. *Shaw,* 133 N. Y. 493; *Bowers* v. *Smith,* 111 Mo. 45; *Sanner* v. *Patton,* 155 Ill. 553; *State ex rel.* v. *Dillon,* 32 Fla. 546; McCrary on Elections, § 700.

What has been said is amply sufficient to sustain the right exercised in the elections aforesaid, and eliminates from further consideration all the questions raised by respondents, except those concerning the necessity for bills of exception before this court can entertain jurisdiction to determine the issues raised by the pleadings, and except the further question raised by respondents that voting for the relators in the manner they did constituted such marking or identification of the ballots as chapter 3 of the Code forbids. *Peaple* v. *Shaw,* 133 N. Y. 493, not only is authority for the proposition stated in the decisions heretofore cited in support of the right of an elector to vote for whom he pleases, but also for the additional proposition that the exercise of such right does not violate the provisions of a statute prohibiting such identification.

We have examined all the cases cited by respondents to show the necessity for bills of exception to the action of the board of canvassers upon the recount of ballots cast at the election held in the Town of Mullens, and find them to bear on and relate to such bills upon writs of error in actions at law, and hence have no application in cases of this character. Nor do we see any occasion for such a bill in mandamus proceedings now before us.

For the reasons stated we refuse to grant the writ to Kincaide and grant writs to the relators Sizemore, Perry C. Cook, V. B. Stover, S. M. Brock and D. V. Wilhelm, requiring the members of the town council of the Town of Mullens whose terms of office expire January 31, 1920, to reconvene as a canvassing board and recanvass and count all the votes cast at the election

held on January 1, 1920, for relators as such votes appear on the face of the ballots, whether immediately under the printed names erased, or on the margin opposite them, but not those on the back of the ballots, and issue to relators certificates showing the result of the election, prepared as required by law, and otherwise comply with the mandates of the alternative writs heretofore awarded and served on them; and such is the order of this court.

*Writ denied Kincaide, but granted in other cases.*